727 A.2d 563

COMMONWEALTH of Pennsylvania, Appellee,

v.

William HOLLAND, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 30, 1997.

Decided April 1, 1999.

---

Barnaby C. Wittels,Philadelphia, for W Holland.

Catherine Marshall, Philadelphia, Robert A. Graci, Harisburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION*

ZAPPALA, Justice.

This is a direct appeal[1] from the order of the Philadelphia County Common Pleas Court denying Appellant, William Holland, the relief he sought under the Post Conviction Relief Act (PCRA).[2]

After a jury trial, Appellant was found guilty of burglary, robbery, attempted deviate sexual intercourse, and murder of the first degree. After a separate sentencing hearing, according to 42 Pa.C.S. § 9711, Appellant was sentenced to death. This Court affirmed both the conviction and sentence on direct appeal. See *Commonwealth v. Holland*, 518 Pa. 405, 543 A.2d 1068 (1988). The Common Pleas Court has denied Appellant's petition for collateral relief, and Appellant now appeals from that denial. We affirm.

As a threshold matter, we must determine whether Appellant is eligible for post conviction relief under 42 Pa.C.S. § 9543. First, Appellant has shown that he was convicted of a crime under the laws of this Commonwealth and is awaiting execution of a sentence of death for the crime. 42 Pa.C.S. § 9543(a)(1)(ii). Appellant alleges ineffective assistance of trial and appellate counsel. 42 Pa.C.S. § 9543(a)(2). The remaining two questions concerning PCRA eligibility are whether the allegation of error has been previously litigated, or otherwise waived, 42 Pa.C.S. § 9543(a)(3), and whether the failure to previously litigate the issue was the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. § 9543(a)(4).

Appellant could have raised the issue of ineffectiveness of trial counsel during his direct appeal, since he was represented by new counsel for that appeal. However, Appellant asserts that both his appellate counsel and his trial counsel were ineffective, thereby avoiding the waiver issue. See *Com-*

---

1. All appeals in cases involving the death penalty are reviewable only by this Court. See 42 Pa.C.S. § 9546(d).

2. 42 Pa.C.S. § 9541 *et seq.*

*monwealth v. Morales,* 549 Pa. 400, 409, 701 A.2d 516, 520 (1997).

 Although it is presumed that counsel rendered effective assistance, Appellant may rebut that presumption by first demonstrating that the underlying claim is of arguable merit. He must also show that counsel's action or inaction lacked any reasonable basis for advancing Appellant's interests. See *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985). Further, Appellant must show that the omission of counsel so undermined the trial that the verdict was unreliable. *Commonwealth v. Cross,* 535 Pa. 38, 43, 634 A.2d 173, 175 (1993). Since the issue is raised as a PCRA claim,

the petitioner must plead and prove by a preponderance of the evidence all of the following:

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of the Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a).

 Appellant's first specific allegation is that trial counsel was ineffective for failing to investigate and present evidence that Holland had suffered from a long history of mental disorders as mitigating circumstances during the sentencing phase of the trial. We reject this argument because trial counsel was acting in an attempt to minimize evidence that would have sounded against Appellant. Appellant cites several different records of various mental infirmities in both his youth and adult life. Testimony from the PCRA hearing

indicates that these reports were the product of psychological examinations of Appellant as a result of criminal activity, such as pre-sentence reports prepared following Appellant's earlier convictions. Because these examinations would have contained details of prior crimes, trial counsel decided that pursuing a strategy of presenting such records would not be beneficial to Appellant.[3] Because counsel's omission of these psychological tests was a calculated and reasonable attempt to advance his client's interests, an analysis of whether Appellant was prejudiced by this tactic is unnecessary.[4]

3. Direct examination of trial counsel during the PCRA hearing produced this testimony:

Q. Let me lay some groundwork for that: Did you review the prior psychiatric reports and pre-sentence reports that had been produced by the Court and the Court's experts in prior cases?
A. No, I did not review those reports. I think, as I told you earlier, the thrust of my defense in this case was that this Defendant did not commit this crime and he did not have the propensity to commit this type of heinous act and it was [sic] matter of strategy.

I knew that he had prior convictions and I knew that he had other dealings with these detectives and if I were to go into prior acts or prior convictions, I may very well convince the jury through my own deeds, that this man has no respect for the law.

He is a constant and continuous law breaker and this type of crime was just an extension of his criminal history and so I wanted to diminish putting on the record the previous conviction and the previous record of convictions.

\* \* \*

Q. How would the pre-sentence and psychiatric reports lead to the jury knowing about his prior record?
A. Because it would show he had prior interaction with the police and also contain the factual summary of every case, as far as I know, the pre-sentence report.
N.T. 5/22/96 at 15–16.

4. Appellant argues that because the PCRA court drew parallels between the instant case and *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995), the court used a heightened standard for evaluating ineffective assistance of counsel claims that has been held to be improper. The heightened standard he refers to arises from the *Buehl* plurality opinion's differing treatment of ineffective assistance claims raised under the PCRA as against ineffective assistance claims raised on direct appeal. The authority he cites as finding the heightened standard improper is *Buehl v. Vaughn*, 1996 WL 752959 (E.D.Pa.1996). There, the United States District Court for the Eastern District of Pennsylvania granted Buehl's petition for habeas corpus as to sentencing upon finding that trial counsel had rendered ineffective assistance with respect to the penalty phase.

■ Appellant also asserts that trial counsel was ineffective for failing to call upon a mental health witness to testify during the penalty phase of the trial. Again, Appellant asserts that he was prejudiced by this omission. However, Appellant also fails to show that this omission was not a reasonable tactical choice.

At trial, counsel chose to have Appellant's mother and grandmother testify. They testified that Appellant was a loner and opined that he needed help

During the evidentiary hearing, Dr. John O'Brien II, a forensic psychiatrist and attorney, testified that Appellant suffered a history of alcohol and mixed substance abuse, and also a mixed personality disorder with schizoid antisocial traits. Dr. O'Brien opined that Appellant was a long time substance abuser He based this opinion on the examinations and reports of Appellant's previous treatments as well as his own examination of Appellant. Neither Dr. O'Brien nor the reports of past examinations presented evidence of a major mental illness. Moreover, the reports contained opinions, diagnoses, and other statements that could have been detrimental to Appellant.

For example, Dr. Richard Saul examined Appellant in 1980 and 1981. Dr. Saul's reports stated that Appellant was difficult to motivate in treatment and that he was superficial and hostile. Dr. Saul reported that prognosis for Appellant's

In *Buehl v. Vaughn,* the court suggested that the plurality opinion of this Court in *Buehl* was "internally inconsistent and confusing." 1996 WL 752959, *15. Ultimately, however, the court seems to have left the decision as being a matter of state law, and "appl[ied] established federal law to Petitioner's claims without trying to sort out the confusion of the court in *Buehl*" to determine whether to grant habeas corpus relief. *Id.* at *16. Thus that case does not stand for the proposition that a heightened standard for reviewing ineffective assistance claims in PCRA cases has been held to be unconstitutional. Moreover, this case is distinguishable from *Buehl.* There, the plurality acknowledged that the appellant would have had a valid ineffectiveness claim had it been raised on direct appeal, but the claim did not meet the heightened standard for relief under the PCRA. Appellant here does not present any claims which would have passed the threshold test enunciated in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987), for an ineffectiveness claim on direct appeal.

recovery from drug abuse was poor. Appellant never voluntarily sought help from mental health professionals. In 1985, Dr. Edwin Camile examined Appellant. Dr. Camile's reports stated that Appellant did not appear "to be motivated to explore or examine his behavior in a therapeutic context." N.T. 12/14/95, at 42. Thus it appears that trial counsel attempted, during the penalty phase, to present evidence in a manner that would not be more damaging than it was mitigating. Appellant's mother and grandmother indicated that Appellant had a troubled childhood and history of anti-social behavior. Had Dr. O'Brien been presented to establish the same point, counsel would have risked portraying Appellant as a long-term, unrepentant, drug addicted, increasingly dangerous menace to society.

Appellant next suggests that trial counsel was ineffective for not recalling Dr. Bonovitz during the penalty phase of the trial. Dr. Bonovitz is a drug and alcohol abuse expert who had testified during the guilt phase of the trial. During his testimony, Dr. Bonovitz spoke generally about the effects of drugs and alcohol on the human brain.

In order to make a claim of ineffectiveness for failure to present a witness, Appellant must prove: (1) that the witness existed; (2) that counsel was either aware of or should have been aware of the witness's availability; (3) that the witness was willing and able to cooperate on behalf of the Appellant; and (4) that the proposed testimony was necessary to avoid prejudice to the Appellant. See *Commonwealth v. Hall*, 549 Pa. 269, 290, 701 A.2d 190, 200 (1997). Appellant does not indicate what Dr. Bonovitz would or could have testified to during the penalty phase. Appellant asserts that trial counsel never requested that Dr. Bonovitz evaluate Appellant for mitigation purposes. This assertion is simply not supported by the testimony presented to the PCRA court. Dr. Bonovitz did not testify at that hearing. Furthermore, trial counsel testified that,

Yes, I did consider calling him [Dr. Bonovitz] at the penalty phase but I needed more compensation—I don't recall but, as I said, he could state generally the impact of

alcohol on one's brain and its impact on a person's inhibitions but in this particular case, based on the facts that were available to me, he could not make such a statement as to this case and to this Defendant.

He could not say that this Defendant was under the influence of alcohol to the extent it would affect his mental or psychological process. I don't think that at any time from then until now he has made such a statement.

N.T. 5/22/96 at 10–11. Because Appellant failed to show that Dr. Bonovitz would have provided helpful testimony beyond that which he had already given in the guilt phase of the trial, Appellant's claim is without merit.

■ Appellant also claims that counsel was ineffective for failing to specifically reference the statutory language for mitigating circumstances. This claim is without merit. As the PCRA court below noted, we addressed this very issue in *Commonwealth v. Williams*, 532 Pa. 265, 615 A.2d 716 (1992).

It is true that defense counsel did not precisely reference the language of the mitigating circumstances of which there was some evidence verbatim, or attempt to characterize certain evidence as falling within a specific mitigating circumstance. However, it is clear that defense counsel did argue the facts [underlying the mitigating circumstances of duress and mental duress]. . . .

By not specifically tying his argument to one particular subsection, counsel encouraged a greater range of favorable responses and maximized appellant's chances, given the weakness of the purported evidence in mitigation and the overwhelming evidence of guilt. Therefore, we find no sufficient basis upon which to conclude that trial counsel was ineffective in presenting his closing argument with respect to mitigating circumstances during the penalty phase.

532 Pa. at 287, 615 A.2d at 727.

In the present case, counsel argued that the defendant was a young man, that he had a lack of history of violent crime, and focused on his family connection with his mother and

grandmother. Although he did not attempt to categorize these circumstances according to their corresponding statutory equivalents under 42 Pa.C.S. §§ 9711(e)(1), (e)(4), and (e)(8), such characterization is not necessarily an infringement of Appellant's constitutional right to effective assistance of counsel for the reasons articulated in *Williams*.

Appellant asserts error in the jury instructions regarding mitigating circumstances. This Court first reviewed these instructions on direct appeal. See 518 Pa. at 420–421, 543 A.2d at 1074–1075. At that time, we found that the trial court had erred in its charge that the jury should calculate the number of aggravating circumstances and compare that number against the number of mitigating circumstances. A proper instruction would have been for the jury to weigh the aggravating circumstances against the mitigating, thus introducing a qualitative element instead of a purely quantitative calculation. However, since the jury failed to find a single mitigating circumstance, we found this error to be harmless.

Now, Appellant suggests that counsel failed to object to yet another error in the jury instructions. He asserts that the court failed to notify the jury that it did not need to be unanimous in order to find a mitigating circumstance. This assertion is without merit. This Court has found that jury instructions which affirmatively assert, "if you find an aggravating circumstance or a mitigating circumstance, you will find that it must be unanimous," are grounds for granting relief. *Commonwealth v. Billa*, 521 Pa. 168, 187, 555 A.2d 835, 845 (1989). This is based on the ruling of the United States Supreme Court in *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), where the Court concluded:

> There is a substantial probability that reasonable jurors, upon receiving the judge's instructions in this case and in attempting to complete the verdict form as instructed, well may have thought they were precluded from considering any mitigating evidence unless all 12 jurors agreed on the existence of a particular such circumstance. Under our cases, the sentencer must be permitted to consider all mitigating evidence. The possibility that a single juror

could block such consideration, and consequently require the jury to impose the death penalty, is one we dare not to risk.

486 U.S. at 384, 108 S.Ct. 1860.

■ However, *Mills* does not require that the jury be affirmatively instructed that mitigating circumstances need not be unanimously found before any juror may weigh them. It only holds that where there is a high risk that instructions could be understood as requiring unanimity as to mitigating circumstances, the sentence must be vacated.

■ The judge's instructions to the jury here were:

Now, the verdict of the jurors, ladies and gentlemen of the jury, remember to consider all the evidence that you have heard here today. Give it the weight which it is entitled and decide for yourselves what circumstances caused this killing. Remember, you are not merely recommending a punishment. The verdict that you will return will actually fix the punishment at either death or life imprisonment. Remember again that your verdict must be unanimous. It cannot be reached by any majority vote or any person's vote. It must be the verdict of each and every one of you. To repeat, if you find one aggravating circumstance and no mitigating circumstance, your verdict will be death. If you find no aggravating circumstances and no mitigating circumstances, the sentence will be life. If you find one aggravating and one mitigating, it will be life. If you find more aggravating circumstances than you find mitigating circumstances, then the penalty will be death.

N.T. 6/12/85 at 6.55. This Court has determined that language similar to the instructions given here does not violate the dictates of *Mills*. *Commonwealth v. Banks*, 540 Pa. 143, 150, 656 A.2d 467, 470 (1995).

Finally, Appellant asks this Court to consider whether all of counsel's errors should be considered in the aggregate since such an accumulation of error would show substantial prejudice. We need not address this question however. Since

186

none of Appellant's allegations of counsel's errors are well founded, we find no errors to aggregate.

For the reasons herein set forth the order of the Court of Common Pleas of Philadelphia County is affirmed.